UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20872-CR- GRAHAM/GARBER(s)

UNITED STATES OF AMERICA,

v.

KENNETH R. WEST,
a/k/a Cristian Noel Iglesias,

Defendant.
_______________________________/

GOVERNMENT'S NOTICE OF INTENT TO OFFER RULE 404(b) EVIDENCE

The United States of America, through its undersigned counsel, files this notice of intent to offer evidence of defendant's so-called bad acts or other crimes evidence in its case in chief pursuant to Federal Rule of Evidence 404(b).

1. Attached are copies of the Indictment, the Judgment in a Criminal Case, the booking photograph, the FBI 302 explaining the charges, and booking fingerprints of the defendant in Case No. CR 94-106-L, disposed of in the Western District of Oklahoma in a case involving threatening communications sent to Oklahoma County District Judge John M. Amick, a state judge.

2. Also attached are copies of the Consent to Transfer of Case for Plea and Sentence Under Rule 20, the Ohio Docket Sheet, and the Judgment in a Criminal Case wherein the defendant sent threatening communications to the Honorable Carl Rubin, a United States District Judge for the Southern District of Ohio relating to Case 94-177-L, disposed of in the Western District of Oklahoma by virtue of a Rule 20 transfer from the Southern District of

27

Ohio. The Judgment in a Criminal Case, booking fingerprints and photographs mentioned in paragraph one, above, also apply to this conviction.

3. Also attached are copies of the Indictment, Plea Agreement and Judgment in a Criminal Case in Case No. 96-34-CR-T-99A, Middle District of Florida, Tampa Division, wherein the defendant was convicted sending threatening communications to the Honorable Steven Merryday, a United States District Judge, and others.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: ______________________________

WILLIAM WHITE
ASSISTANT UNITED STATES ATTORNEY
99 NE 4th Street
Miami, Florida 33132
Phone: (305)961-9451
Fax: (305) 536-4675
Florida Bar No. 087204
William.White@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was mailed this 8th day of February, 2005 to: Daniel Ecarius, Assistant Federal Public Defender, 150 W. Flagler Street, Suite 1700, Miami, FL 33130.

______________________________

WILLIAM WHITE
ASSISTANT UNITED STATES ATTORNEY

FILED
JUL 2 1994

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. CR 94-106 L |
| KENNETH RAY WEST, | ) | Violation: 18 U.S.C. § 876 |
| Defendant. | ) | |

DOCKETED

INDICTMENT

The Federal Grand Jury charges:

COUNT 1

On or about October 22, 1993, in Oklahoma City, Oklahoma, in the Western District of Oklahoma,

-------------------- KENNETH RAY WEST, --------------------

the defendant herein, did knowingly cause to be delivered from Brooksville, Florida, by the Postal Service according to the directions thereon, communications addressed to another person, and containing a threat to injure the person of the addressee, in that defendant addressed a letter to:

"United States District Court
Honorable John Amick/Clerk's Office
Oklahoma City, Oklahoma,"

containing the following threat:

ATTEST: A true copy of the original
Robert D. Dennis, Clerk
By [signature]
Deputy

". . . I have decided to be your Judge and Jury and Sentancer! This I vow to do before I take my last breath! And what I mean by that is that I will kill you took get you off the Bench and believe me you will be off the Bench very, very soon!  I mean absolute bussiness when I say this!  I will seriously hurt you to make you get off of the Bench!  I have people monitoring 24 hours a day and they know where you live and are in court and you don't even know it.  But what I really mean is you will be, repeat you will be off the Bench permanatley and I will kill you to do that! So you go ahead and take me as a joke and again you'll see in the long run you will Mr. Amick be off the Bench one way or the other! And you can tell your family bye now because you will not be around that much longer and you can expect to meet your maker soon! And what I mean bye that is I will kill you!  I'm not playing with you at all.  I want to make your Department look bad!  And believe me you guy's don't need any more publicity, because the F.B.I. can only guard you so much!  And you know bye me killing you that the F.B.I will look so bad because they did not take me serious.  But I don't care!  So you can count on being dead very, very soon!  I'll be out of prison real soon and you will be my first priority!  Believe me I will track down and when I do I'm going to be your Judge, Jury, Prosecutor and you will receive the death penalty!  I mean bussiness you will not recieve anymore letters the next process will be personally.  I will see you soon!  So tell your family goodbye now!  I will and mean totally bussiness kill you!  Once I'm free again I'll track you down and you can't hide for long and F.B.I. can only protect you so much!  So be prepared to meet your maker! Until we meet in person. Bye for now!  I mean bussiness!  Sincerely, Kenneth R. West."


The letter also contained threatening language as follows:

"This will be the only letter!  I think you know why!"

Further, the letter contained threatening language:

> "P.S. I will make your department look so bad! I hate your fuckin guts! I will get you! I mean kill you! I will and mean business kill your fuckin ass!"

All in violation of Title 18, United States Code, Section 876.

COUNT 2

That on or about October 26, 1993, in Oklahoma City, Oklahoma, in the Western District of Oklahoma,

---------------------- KENNETH RAY WEST, ----------------------------

the defendant herein, did knowingly cause to be delivered from Brooksville, Florida, by the Postal Service according to the directions thereon, communications addressed to another person, and containing a threat to injure the person of the addressee, in that defendant addressed a letter to:

> "United States District Judge
> Honorable John Amick
> Oklahoma City, Oklahoma,"

containing the following threat:

> ". . . This is just to remind you that I mean bussiness! I will kill you to get you off the Bench! I'm not playing with you, so you can tell your family good bye now! Because I have people watching you and if I can't do it they will, so keep doing what your doing and you will meet your maker very soon! I will kill you Mr. Amick! So how does it feel to know you will be dead very, very soon? Sooner than you think! I will kill your fuckin ass! I

> will find you! So you can count on being dead soon! So I hope you get the point bye now! Your fuckin dead Mr. Amick! Have a Nice Fuckin day and you better enjoy it because it won't before long! "I mean bussiness! Sincerely, Kenneth R. West."

The letter also contained threatening language as follows:

> "I hate your fuckin ass! I will get you!"

Further, the letter contained threatening language:

> "I will kill you!"

All in violation of Title 18, United States Code, Section 876.

**COUNT 3**

That on or about November 4, 1993, in Oklahoma City, Oklahoma, in the Western District of Oklahoma,

------------------------ KENNETH RAY WEST, ------------------------

the defendant herein, did knowingly cause to be delivered from Brooksville, Florida, by the Postal Service according to the directions thereon, communications addressed to another person, and containing a threat to injure the person of the addressee, in that defendant addressed a letter to:

> "United States District Judge
> Honorable John Amick, Hater, Rubin
> Oklahoma City, Oklahoma,"

containing the following threat:

> ". . . This is the last letter that will be written to you guys, but just because it is don't mean that I still won't kill you! I plan on killing all of you! I mean bussiness

this letter will be the last one! I will get all three of you! I will kill all of you! Sincerely, Kenneth R. West."

The letter also contained threatening language as follows:

"I will kill all your fuckin asses soon! very soon! I will get you guys!"

All in violation of Title 18, United States Code, Section 876.

A TRUE BILL:

FOREMAN OF THE GRAND JURY

VICKI MILES-LaGRANGE
United States Attorney

TERESA BLACK
Assistant U.S. Attorney

TOTAL P.10

West, Kenneth   6/10/74

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT
COPY OF THE ORIGINAL RECORD MAINTAINED BY THE
OKLAHOMA COUNTY SHERIFF'S OFFICE RECORD DIVISION
DATED THIS 3 DAY OF Jan 20 05

LEAVE BLANK

TYPE OR PRINT ALL INFORMATION IN BLACK

LAST NAME NAM FIRST NAME MIDDLE NAME

WEST, KENNETH

J. D. SHARP, Sheriff
Oklahoma County
Okla. City, Okla.
OK0550000

AGE

ALIASES

Contributor ORI
OK0550000
SO
OKLAHOMA CITY, OKLA.

[...] PERSON FINGERPRINTED

[...]Y BE COMPUTERIZED IN LOCAL, STATE AND NATIONAL FILES

SIGNATURE OF OFFICIAL TAKING FINGERPRINTS

CHARGES

[...]SITION

| AGE | DATE OF BIRTH DOB Month Day Year |
| --- | --- |
| 20 | 06/10/74 |

| DATE ARRESTED OR RECEIVED DOA | SEX | RACE | HGT. | WGT. | EYES | HAIR | PLACE OF BIRTH POB |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 10/27/94 | M | W | 511 | 180 | BLU | BRO | |

YOUR NO. OCA BR94157097

LEAVE BLANK

FBI NO. FBI

CLASS.

SID NO. SID

REF

SOCIAL SECURITY NO. SOC

NCIC CLASS - FPC

CAUTION

[...]UMB 2. RIGHT INDEX 3. RIGHT MIDDLE 4. RIGHT RING 5. RIGHT LITTLE

[...]UMB 7. LEFT INDEX 8. LEFT MIDDLE 9. LEFT RING 10. LEFT LITTLE

LEFT FO[...] [...]AKEN SIMULTANEOUSLY LEFT THUMB RIGHT THUMB F[...] FINGERS TAKEN SIMULTANEOUSLY

THIS IS TO CERTIFY THAT THIS IS A TRUE AND CORRECT [...] MAINTAINED BY THE OKLAHOMA [...] RD DIVISION

[...] 3 [...] Jan 20 05

1Sheet 1 - Judgment in a Criminal Case

FILED

# United States District Court

**Western District Of Oklahoma**

DEC 2 - 1994

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY [signature], DEPUTY

UNITED STATES OF AMERICA

v.

Kenneth R. West

(Name of Defendant)

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed on or After November 1, 1987)

Case Number:CR-94-106-L CR-94-177-L

William Earley

Defendant's Attorney

DOCKETED

THE DEFENDANT:

☒ pleaded guilty to count(s) three (3) in CR-94-106-L & Ct one (1) in CR-94-177-L.

☐ was found guilty on count(s) ______ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 876 | Mailing threatening communications | November 4, 1993 | 3(CR-94-106-L) |
| 18 USC 876 | Mailing threatening communications | November 4, 1993 | 1(CR-94-177-L) |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) ______. and is discharged as to such count(s).

☒ Count(s) 1 & 2 (are) dismissed on the motion of the United States.

☒ It is ordered that the defendant shall pay a special assessment of $100.00, for count(s) 3(CR-94-106-L) & Ct 1 (CR-94-177-L), which shall be due ☒ immediately ☐ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: June 10, 1974

Defendant's Mailing Address:

800 Everard Court

Apex, NC 27512

Defendant's Residence Address:
same as above

December 20, 1994
Date of Imposition of Sentence

[signature]
Signature of Judicial Officer

TIM LEONARD, U. S. DISTRICT JUDGE
Name & Title of Judicial Officer

December 20, 1994
Date

ATTEST: A true copy of the original
Robert D. Dennis, Clerk

By [signature]
Deputy

28

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 52 months on Ct 3 of CR-94-106-L and 52 months on Ct 1 of CR-94-177-L. The sentences in CR-94-106-L and CR-94-177-L shall be served concurrently to one another. It is further ordered that the term of imprisonment imposed by this judgment shall run consecutively to the defendant's unexpired term in Docket number CR-93-227-CR-T-17.

☒ The court makes the following recommendations to the Bureau of Prisons: FCI Butner, Butner North Carolina

☒ The defendant is remanded to the custody of the United States marshal.

☐ The defendant shall surrender to the United States marshal for this district.

- ☐ at __________ on __________________________.
- ☐ as notified by the United States marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

- ☐ before noon on ______________________.
- ☐ as notified by the United States marshal.
- ☐ as notified by the probation office.

**RETURN**

I have executed this judgment as follows:

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

Defendant delivered on ____________ to ______________________________________ at

__________________________________________, with a certified copy of this judgment.

______________________________
United States Marshal

By ______________________________

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years. This term consists of 3 years on Count 3 of CR-94-106-L, and 3 years on Ct 1 of CR-94-177-L. All such terms to run concurrently.

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

[x] The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

[ ] The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

[x] The defendant shall not possess a firearm or destructive device.

The defendant shall participate in a program of mental health aftercare, as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptance reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics,and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:Kenneth R. West
ase Number:CR-94-106-L, CR-94-177-L

**STATEMENT OF REASONS**

☐ The court adopts the factual findings and guideline application in the presentence report.

OR

☒ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):
Paragraph 7 should read: The victims are Judge Carl Rubin and Judge John M. Amick.

**Guideline Range Determined by the Court:**

Total Offense Level: 17

Criminal History Category: VI

Imprisonment Range: 51 to 63 months

Supervised Release Range: 2 to 3 years

Fine Range: $5,000. to $50,000.

☒ Fine is waived, because of the defendant's inability to pay.

Restitution: $ n/a

☐ Full restitution is not ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.
No evidence to depart downward, there are no grounds to grant a departure.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

FEDERAL BUREAU OF INVESTIGATION

Date of transcription 12/28/93

On 11/2/93, KENNETH RAY WEST was interviewed at the Hernando County Jail, Brooksville, Florida. After being advised of the identity of the interviewing Agent and the nature of the interview, he advised that his attorney, DONALD E. HORROX, had just left the jail. According to WEST, HORROX had advised him not to talk to the Federal Bureau of Investigation. He stated, however, that he had some questions to ask the interviewing Agent.

WEST was advised that if he wished to speak to the Agent, it was necessary that he execute an FD-395 - advise of rights form. WEST read the advise of rights form completely and signed and dated same. Thereafter, he advised as follows:

WEST admitted that he had written and mailed the letter to Oklahoma County District Judge JOHN M. AMICK. He stated that he wrote the letter as a result of reading an article in the newspaper regarding a trial that took place in Oklahoma City in which the Governor was charged with a misdemeanor and all felony charges against him had been dropped. This trial was presided over by Judge AMICK. WEST advised that another Federal inmate known to him only as "BEAR" had convinced him that he should write the letter if he felt that strongly about Judge AMICK. WEST described BEAR as a Black male, mid-40's, 5'7", 200 lbs. According to WEST, this individual was in jail for a drug violation and is facing a life sentence. WEST advised that BEAR told him that he would help him carry out the threat when he got out of jail.

WEST stated that he wrote the letter because he believed that "if you bring justice to one, you have to bring justice to all". WEST further stated that he had written and mailed three additional letters containing similar threats to Judge AMICK after mailing the first one. He advised that in one of the three letters was contained a letter directed to District Judge TERRY J. HATTER, Jr. of the Central District of California, Los Angeles, California. WEST stated that he sent Judge HATTER the letter because HATTER had made a decision against homosexuals

Investigation on 11/2/93 at Brooksville, Florida File # 9-OC-54279-13

by SA JUANA A. KLIM JAK Date dictated 11/2/93

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

-302a (Rev. 11-15-83)

\- 4279

ontinuation of FD-302 of KENNETH RAY WEST , On 11/2/93 , Page 2

that really disgusted him. WEST stated that he is a homosexual and the Judge had denied a homosexual officer the right to sue the military after he was "kicked out" because he admitted to his homosexuality.

WEST advised that the letter he sent Judge HATTER contained basically the same threats contained in the other letters he had written.

WEST stated that he believes that the threats could be carried out. He advised that he would involve more than one person and "one of them is bound to get him", referring to the Judge. When WEST was asked who he would ask for assistance in carrying out his threats he stated that he did not know because his family has disowned him. He stated, however, that if he were to get out tomorrow, he would attempt to carry out his threats and kill the Judges in Oklahoma City and California.

WEST advised that "it's stupid to write any more letters". He stated that from now on he will just target individuals without writing to them and "it would just be done because there's always a loophole somewhere".

WEST advised that he had never been charged with a violent crime in his life before he went to prison. It was after he was incarcerated that he started thinking about writing letters to Judges because he became more familiar with their injustices. He advised that he is not currently under medication. He stated that he had been given Lithium in the past but had "spit it out" and has not taken any medication in the last four months.

ATTEST: A true copy of the original
Robert D. Dennis, Clerk
By [signature]
Deputy

In the United States District Court

for the Southern District of Ohio

United States of America

v.

KENNETH R. WEST

Criminal No. CR 1 94 93

CR 94-177L

FILED
KENNETH J. MURPHY
CLERK
94 NOV 14 PM 1:17
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

WEBER, J.

Consent to Transfer of Case

for Plea and Sentence

*(Under Rule 20)*

I, Kenneth R. West, defendant, have been informed that an Information (*indictment, information, complaint*) is pending against me in the above designated cause. I wish to plead guilty (*guilty, nolo contendre*) to the offense charged, to consent to the disposition of the case in the Western District of Oklahoma in which I am held (*am under arrest, am held*) and to waive trial in the above captioned District.

FILED
NOV 17 1994
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY [signature] DEPUTY

Dated: November 1, 1994 at Oklahoma City, OK.

[signature]
*(Defendant)* KENNETH R. WEST

*(Witness)*

[signature]
*(Counsel for Defendant)*
WILLIAM P. EARLEY
Assistant Federal Public Defender
215 Dean A, McGee, Room 524
Oklahoma City, Okla. 73102

DOCKETED

EDMUND A. SARGUS, JR.
United States Attorney

[signature]
TERRY W. LEHMANN
Asst. United States Attorney for the
Southern District of
Ohio

Approved
VICKI MILES-LaGRANGE
United States Attorney
[signature]
Asst. United States Attorney for the Teresa Black
Western District of
Oklahoma

FORM USA-153
SEP. 82

TERMED

U.S. District Court
for the Southern District of Ohio (Cincinnati)

CRIMINAL DOCKET FOR CASE #: 94-CR-93-1

Filed: 10/28/94

USA v. West
Case Assigned to: Judge Herman J. Weber
Dkt# in other court: None

KENNETH R WEST
defendant

CR 94-177L

Pending Counts:

NONE

| Terminated Counts: | Disposition |
|---|---|
| 18:876 THREATS TO INJURE & KILL FEDERAL JUDGE. (1) | Rule 20 out to W.D. of Oklahoma. (1) |

A True Copy of the Original
Filed 10-28-94
Attest: Kenneth J. Murphy, Clerk
BY: A. Hill Deptuy

Offense Level (disposition): 4

Complaints:

NONE

ceedings include all events.
cr93-1 USA v. West

TERMED

KENNETH R WEST

defendant

==========================

UNITED STATES OF AMERICA

plaintiff

U. S. Attorneys:

NONE

ceedings include all events.                                    TERMED
  cr93-1    USA v. West

10/28/94 1        INFORMATION by USA .  Kenneth R West (1) count(s) 1. Copies
                 issued to AUSA,USM,Prob,Pretrial. (art)
                 [Entry date 10/31/94] [Edit date 10/31/94]

11/14/94 2       RULE 20 CONSENT to Transfer Jurisdiction to  District of
                 Western Oklahoma for Kenneth R West.  Cert. copies issued
                 to Clerk of Court W.D. of Oklahoma this date. (art)
                 [Entry date 11/15/94]



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FILED
96 FEB 16 PM 2:54
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA :

v. : CASE NO. 96-34 -Cr-T-21 (E)

KENNETH WEST :

INDICTMENT

The Grand Jury Charges:

COUNT ONE

On or about November 7, 1994, in the Middle District of Florida, the defendant,

KENNETH WEST,

did knowingly cause to be delivered by the United States Postal Service, according to the directions thereon, a letter addressed to Assistant United States Attorney Edmund Searby, 500 Zack Street, Tampa, Florida 33602, which letter contained a threat to injure Assistant United States Attorney Edmund Searby.

In violation of Title 18, United States Code, Section 876.

COUNT TWO

On or about December 19, 1994, in the Middle District of Florida, the defendant,

KENNETH WEST,

did knowingly cause to be delivered by the United States Postal Service, according to the directions thereon, a letter addressed to United States District Court, Honorable Steven D. Merryday, 611 North Florida Avenue, Tampa, Florida 33602, which letter contained a threat to injure the Honorable Steven D. Merryday.

In violation of Title 18, United States Code, Section 876.

COUNT THREE

On or about December 19, 1994, in the Middle District of Florida, the defendant,

KENNETH WEST,

did knowingly cause to be delivered by the United States Postal Service, according to the directions thereon, a letter addressed to Assistant United States Attorney Edmund Searby, 500 Zack Street, Tampa, Florida 33602, which letter contained a threat to injure Assistant United States Attorney Edmund Searby.

In violation of Title 18, United States Code, Section 876.

COUNT FOUR

On or about December 19, 1994, in the Middle District of Florida, the defendant,

KENNETH WEST,

did knowingly cause to be delivered by the United States Postal Service, according to the directions thereon, a letter addressed to United States District Court, Deputy Marshal Glenn Davis, 611 North Florida Avenue, Tampa, Florida 33602, which letter contained a threat to injure Deputy Marshal Glenn Davis.

In violation of Title 18, United States Code, Section 876.

A TRUE BILL,

FOREPERSON

CHARLES R. WILSON
United States Attorney

By:
MATHEW S. ROSENGART
Assistant United States Attorney

STEPHEN M. KUNZ
Assistant United States Attorney
Deputy Chief, Criminal Division

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
Deputy Clerk

FILED

97 JAN 29 PM 4:41

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA :
:
v. : CASE NO. 96-34-Cr-T-21(A)
:
KENNETH R. WEST :

## PLEA AGREEMENT

A. **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(e), the United States of America, by Charles R. Wilson, United States Attorney for the Middle District of Florida, and the defendant, KENNETH R. WEST, and the attorney for the defendant, Donald E. Horrox, mutually agree as follows:

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Two of the Indictment. Count Two charges the defendant with Mailing a Threatening Letter to a Federal Judge, in violation of 18 U.S.C. § 876.

2. Maximum Penalties

Count Two carries a maximum sentence of five years imprisonment, a fine of $250,000, a term of supervised release of three years, and a special assessment of $50 per felony count for offenses committed prior to April 24, 1996, $100 per felony count thereafter; for organizations the amounts are "$200" and "$400" respectively, said special assessment to be due on the date of

Defendant's Initials K.W.

37

sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two, Mailing a Threatening Letter to a Federal Judge, in violation of Title 18, United States Code, Section 876 are:

First: That the Defendant knowingly deposited or caused to be delivered in the mail, for delivery by the Postal Service, a communication containing a true threat, as charged; and

Second: That the nature of the threat was to kidnap or injure the person of the addressee.

4. Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts One, Three and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(e)(1)(A).

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal

Defendant's Initials K.W.

criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Acceptance of Responsibility

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1. However, if the defendant's adjusted offense level is calculated at a level 16 or above, the United States will recommend to the Court that the defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

7. Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

Defendant's Initials K.W.

8. Cooperation

The defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify fully and truthfully before any and all federal grand juries and at any trials or other proceedings in connection with any of the cases, charges, or matters noted herein, and any related cases. The defendant further agrees to be reasonably available for all interviews which the United States may require. The defendant further agrees to make full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in the defendant's possession or control.

9. Cooperation - Responsibilities of Parties

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should

Defendant's Initials K.W.

the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1) The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2) The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information

Defendant's Initials K.W.

instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3) The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant its own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

10. Cooperation - Family Member

While defendant agrees to cooperate fully with the United States, the United States will not require defendant to testify against family members on direct examination at trial.

Defendant's Initials K.W.

However, defendant understands that it may be asked on cross-examination or rebuttal about the criminal activities of family members and understands and agrees to fully and truthfully answer any such questions.

B. **Standard Terms and Conditions**

1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

Defendant's Initials K.W.

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed.R.Crim.P. 32(b)(4)(A), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial

Defendant's Initials ______

affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. Sentencing Guidelines and Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding the potential application of the sentencing guidelines to defendant's

Defendant's Initials K.W.

case and any recommendations by the government are not binding on the United States Probation Office or the Court and that, should any recommendations be rejected, and regardless of the guidelines calculated by the Probation Office or the Court, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. Appeal of Sentence; Waiver

The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises

Defendant's Initials K.W.

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

6. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the

Defendant's Initials K.W.

elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such

Defendant's Initials ______

offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those facts beyond a reasonable doubt:

FACTS

On December 19, 1994, the defendant wrote and sent a threatening letter to United States District Judge Steven Merryday at the U.S. Federal Courthouse located in Tampa, Florida. In the letter, the defendant said that "I will get you." This letter was sent in conjunction with other threatening letters to government employees and officials. On March 3, 1995, the defendant confessed to mailing these letters.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials K.W.

11. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 29TH day of January, 1997.

CHARLES R. WILSON
United States Attorney

By: ______________________
KENNETH E. LAWSON
Assistant United States Attorney

(For) ______________________
STEPHEN M. KUNZ
Assistant United States Attorney
Deputy Chief, Criminal Division

______________________
KENNETH R. WEST
Defendant

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: Deputy Clerk

______________________
DONALD E. MORROX, ESQ.
Attorney for Defendant

N:\UDD\JHANKE\LAWSON\WEST.PA
MDFL PLEA AGREEMENT 9/96

AO 245S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

97 MAY -9 PM 12:02

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

VS.

KENNETH R. WEST

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

CASE NUMBER: 96-34-CR-T-99A

Defendant's Attorney: Donald Horrox (pda)

THE DEFENDANT:

[X] pleaded guilty to Count Two (2) of the Indictment.
[_] was found guilty on Count(s) after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 376 | Mailing Threatening Communications | December 19, 1994 | Two (2) |

The defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[_] The defendant has been found not guilty on Count(s) and is discharged as to such count(s).
[X] Count(s) One (1), Three (3) and Four (4) are dismissed on the motion of the United States.
[X] It is ordered that the defendant shall pay a special assessment of $50.00, for Count Two (2) of the Indictment, which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: June 10, 1974

Defendant's Mailing Address:
6614 Stardust Lane
Orlando, FL 32818

Defendant's Residence Address: same

I certify the foregoing to be a true and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida
By: ____________
Deputy Clerk

April 25, 1997
Date of Imposition of Sentence

RALPH W. NIMMONS, JR.
UNITED STATES DISTRICT JUDGE

DATE: April 28, 1997

M'FILM ROLL # 3
DOCUMENT # 2729

45

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of FORTY-SIX (46) MONTHS as to Count 2 of the Indictment to be served consecutive to the sentences imposed in case numbers CR94-106-L and CR94-177-L of the Western District of Oklahoma.

[X] The court makes the following recommendations to the Bureau of Prisons: That the defendant be placed in the Coleman Facility.

[X] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district:

- [ ] at _ on _.
- [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

- [ ] before 2:00 p.m. on _.
- [ ] as notified by the United States Marshal.
- [ ] as notified by the probation office.

## RETURN

I have executed this Judgment as follows:

Defendant delivered on ____________________ to ____________________________________________

at ________________________________________, with a certified copy of this Judgment.

________________________________
United States Marshal

By: ______________________________
Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THIRTY-SIX (36) MONTHS as to Count 2 of the Indictment.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance and shall not possess a firearm or destructive device. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer.

X The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

__ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

__ The defendant shall participate in the Home Detention program for a period of ___. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

__ The defendant shall participate as directed in a program approved by the Probation Officer for treatment of narcotic addiction or drug or alcohol dependency which mav include testing for the detection of substance use or abuse. Further, the defendant shall be required to contribute t o the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

X The defendant shall participate as directed in a program of mental health treatment approved by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third-party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.

X Based on the financial status of the defendant, the Court waives imposition of a fine and applicable costs of supervision and imprisonment.

__ Pursuant to the provisions of the Violent Crime Control Act, the defendant shall refrain from the unlawful use of controlled substances. Within 15 days of supervised release the defendant shall submit to a drug test plus 2 periodic drug tests thereafter as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment, the defendant shall not commit another federal, state or local crime. In addition:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: West, Kenneth R.
Case No.: 96-34-CR-T-99A

## STATEMENT OF REASONS

[X] The court adopts the factual findings and guideline application in the presentence report.

OR

[] The court adopts the factual findings and guideline application in the presentence report except (see attachment if necessary):

**GUIDELINE RANGE DETERMINED BY THE COURT:**

Total Offense Level: ___14___

Criminal History Category: ___VI___

Imprisonment Range: __37__ to __46__ months

Supervised Release Range: __2__ to __3__ years

Fine Range: $_3,000_ to $ _30,000_

[X] Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $_N/A_

[] Full restitution is not ordered for the following reason(s):

[X] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

[] The sentence is within the guideline range, than range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range:

[] upon motion of the Government, as a result of defendant's substantial assistance.

[] for the following reason(s):