UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20872-CR-GRAHAM/GARBER

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

KENNETH RAY WEST,
    a/k/a Cristian Noel Iglesias
    Defendant.
_____:

## SENTENCING MEMORANDUM

The defendant, Kenneth West, a/k/a, Cristian Noel Iglesias, through undersigned counsel, the Office of the Federal Public Defender for the Southern District of Florida, respectfully files the following Sentencing Memorandum requesting a sentence below that recommended by the advisory guideline range due to factors set forth in 18 U.S.C. § 3553(a).

## APPLICABLE LAW

In determining a sentence, this court must consider all the factors outlined in 18 U.S.C. § 3553 including but not limited to § 3553(a)(4)(the sentence as calculated using the sentencing guidelines). *United States v. Booker*, 125 S.Ct. 738 (2005). Justice Scalia notes that the holding in *Booker* provides that pursuant to § 3553, the court need only consider the range as one of many factors. Any undue priority or undue strict adherence to the guideline range is contrary to the spirit



of *Booker. Id.* at 790. (Scalia, J., dissenting in part.) (The statue [3553] provides no order of priority among all those factors...That is to say, the district courts have the discretion to sentence anywhere within the ranges authorized by statue- much as they were generally able to do before the Guidelines came into being.) As such, the court should consider the following facts in aid of sentencing.

## SENTENCING FACTORS

**1.   The nature and circumstances of the offense and the history and characteristics of the defendant.**

The offense itself of mailing a series of threatening letters containing alleged anthrax is without doubt highly troubling. The harm that was done by this offense was in the substantial disruption of the evacuation and clean-up efforts. PSR ¶ 7. However, consistent with West's over ten year history of mailing threatening letters, no threat was carried out in any way. No anthrax was actually sent. Instead, West compulsively continued his pattern of making threats but directed them at the British government and organizations this time around. Significantly, it should be noted that West himself signed many of the letters and even put his Federal Detention Center address as the return address. To be sure this is not a typical terrorist act where the threat was serious. Also, West is not a typical person who commits this type of act.

As previously discussed in the Motion for Downward Departure, West has a verified history of mental illness. Specifically, his mental illness is characterized by his inability to control his behavior and impulses and exhibited by his pattern of mailing threatening letters. West was suffering from mental illness including bipolar disorder when he committed the instant offense.

> 2. **The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, protect the public or provide training or care.**

Under normal circumstances, a charge of threatening to use a weapon of mass destruction would call for the highest sentence available to a court. In a typical terrorist case, all factors of punishment, deterrence and respect for the law would ordinarily be addressed by the harshest sentence. However, the instant case is not a typical terrorist case, but something much less menacing. This is a case where the crime is part of a pattern of mailing threats by a man who was already in prison for essentially the same offense and who was and is suffering from mental illness related disorders.

Here, when Kenneth West's diminished mental capacity is taken into consideration, it lessens the rationale of applying the same punishment to him that would be applied to an individual of ordinary mental capacity who committed a terrorist act.

> 3. **The kinds of sentences available.**

Pursuant to the holding in *Booker*, the district courts have the discretion to sentence anywhere within the ranges authorized by statue much as they were generally able to do before the Guidelines were implemented. *United States v. Booker*, 125 S.Ct. 738, 790 (2005).

> 4. **The sentencing range established by the United States Sentencing Guidelines.**

According to the Probation Department, the United States Sentencing Guidelines calculated the sentencing range between 262 to 327 months in prison. That calculation includes a reduction based upon the application of the reduction for timely acceptance of responsibility.

3

5.     **Any policy pertinent statement issued by the U.S.S.G.**

The defendant knows of no applicable or mandatory policy statement that applies to this case.

6.     **The need to avoid sentence disparities among the defendants**

Generally, the court should consider the goal of avoiding sentencing disparities. Nevertheless, as indicated above, this case is unique. Kenneth West is person who should receive special consideration because he suffers from mental illness. Certainly, there should be a large disparity between West's sentence and that of an actual terrorist.

7.     **The need to provide restitution for the victims**

Kenneth West is unable to pay restitution to targeted British organizations. *See*, PSR ¶ 73.

## RECOMMENDATION

When considering an appropriate sentence in this case, the court should strongly consider West's diminished mental capacity at the time of the offense. While diminished capacity does not excuse his actions, it should be taken into consideration as explaining them.

Here, Kenneth West has the potential for rehabilitation and change for the better with the proper mental health treatment and support. Incarcerating Kenneth West for an extended sentence would only be counterproductive. Imposing a sentence that holds West accountable for his actions, but takes his diminished mental capacity into account is the just and compassionate course of action.

In considering all the factors outline above, the defense respectfully urges the court to strongly consider imposing a sentence of 60 months consecutive to the sentence that West is already serving.

Provided that this court finds a sentence below the advisory Guidelines range is reasonable for this offense, the court need not execute a sentence as set forth in the Guidelines. *Booker* at 790

(Scalia, J., dissenting in part.) The defendant submits the proposed sentence is reasonable for this offense and would satisfy all the concerns addressed in Title 18 U.S.C. §3553(a).

### FINE

Based on his financial circumstances, the defendant is unable to pay an immediate fine. Consequently, the court is urged not to impose a fine.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature]*
Daniel L. Ecarius
Assistant Federal Public Defender
Florida Bar No. 0719765
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
(305) 530-7000, Ext. 114
(305) 536-4559, Fax
Daniel_Ecarius@FD.org, E-Mail

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was served via interagency mail the 5th day of May, 2005, to William White, Assistant United States Attorney, 99 NE 4th Street, Miami, FL 33132-2111, Brenda Sue Thornton, United States Department of Justice, Counterterrorism Section, Criminal Division, 10th and Constitution Avenue, NW, Washington, DC 20530, and Renee Moses-Gregory, United States Probation Officer, 300 NE 1st Avenue, Room 315, Miami, FL 33132-2126.

By: _____
Daniel L. Ecarius

J:\West, Kenneth R Reg17248-018\Pleadings\SentMemo.wpd

*UNITED STATES V. KENNETH RAY WEST, a/k/a Cristian Noel Iglesias*
CASE NO. 04-20872-CR-GRAHAM/GARBER

## SERVICE LIST

| | |
|---|---|
| DANIEL L. ECARIUS<br>ASSISTANT FEDERAL PUBLIC DEFENDER<br>150 W. FLAGLER STREET, SUITE 1700<br>MIAMI, FL 33130-1556<br>305/530-7000, EXT. 114<br>305/536-4559, FAX<br>COUNSEL FOR: KENNETH RAY WEST, a/k/a Cristian Noel Iglesias | WILLIAM WHITE<br>ASSISTANT UNITED STATES ATTORNEY<br>99 NE 4TH STREET<br>MIAMI, FL 33132-2111<br>305/961-9451<br>305/530-7087, FAX<br>COUNSEL FOR: GOVERNMENT |
| BRENDA SUE THORNTON<br>UNITED STATES DEPARTMENT OF JUSTICE<br>COUNTER TERRORISM SECTION, CRIMINAL DIVISION<br>10TH AND CONSTITUTION AVENUE, NW<br>WASHINGTON, DC 20530<br>202/353-7951<br>202/514-8714, FAX<br>COUNSEL FOR: GOVERNMENT | RENEE MOSES-GREGORY<br>UNITED STATES PROBATION OFFICER<br>300 NE 1ST AVENUE, ROOM 315<br>MIAMI, FL 33132-2126<br>305/523-5443<br>305/523-5496, FAX |

J:\West, Kenneth R Reg17248-018\Pleadings\SentMemo.wpd