UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20872-CR-GRAHAM

UNITED STATES OF AMERICA,

v.

KENNETH R. WEST,
a/k/a CRISTIAN NOEL IGLESIAS,
    Defendant.
_____/

## GOVERNMENT RESPONSE TO WEST'S MOTION TO REVISE JUDGMENT AND COMMITMENT ORDER

The United States, by and through the undersigned Assistant United States Attorney, hereby responds to Defendant West's Motion to Revise Judgement and Commitment Order, filed on September 5, 2018 (DE 56). This court should deny the motion on the following grounds:

## BACKGROUND

On March 11, 2005, West plead guilty to Count 1 of the Superseding Indictment charging threatening the use of a weapon of mass destruction (DE 31). On July 27, 2005, the Court sentenced West to 240 months' imprisonment followed by five years of supervised release. On July 29, 2005, the Judgment and Conviction for West was entered on the docket (DE 51).

## DEFENDANT'S MOTION

In support for the requested relief, Defendant attaches what seems to be an Order from The Circuit Court of the First Judicial Circuit, Williamson County, Illinois, granting a legal name change (DE 56, p.8). In the Motion, Defendant claims that the revision of the Judgment is

1

necessary in order to have BOP acknowledge her new legal name.

However, when the docket is reviewed for that case, it appears that the Defendant's Request for Name Change was denied by the Illinois court (see attached docket).   The docket reflects an entry on July 31, 2018, indicating that the law in Illinois states that any person convicted of a felony, who has not been pardoned, may not file a petition for name change until 10 years have passed since completion and discharge from their sentence. In that the Defendant is still serving the sentence, the name change was denied by the state court.   Thus, it appears that the court document in support of this motion is fictitious.   Therefore, this Court should deny the Motion.

## ARGUMENT

Even if there had been a legal name change, this motion should be denied.

The Eleventh Circuit, in agreeing with two other Circuit Courts, held in *United States v. Baker,* 415 F. 3d 1273 (11th Cir. 2005), that an inmate is not entitled to have documents that pre-dated his legal name change altered.   The Fourth and Sixth Circuits have held, that an inmate who legally changes his name does not have a constitutional right to have his pre-existing prison records altered to reflect his newly adopted name. *See Barrett v. Va.,* 689 F.2d 498, 503 (4th Cir.1982); *Imam Ali Abdullah Akbar v. Canney,* 634 F.2d 339, 340 (6th Cir.1980).

The Eleventh Circuit agreed with the reasoning of their sister circuits and held that although an inmate is entitled to prospective recognition of a legal name change, by means of a "dual-name policy," an inmate is not entitled to have documents that pre-dated his legal name change altered. *Baker* at 1274.

Additionally, because the Defendant's conviction and sentence became final in 2005 and the criminal case is no longer pending, this Court's authority to modify the record is limited to correcting "a clerical error" or "an error in the record [of the criminal case] arising from oversight or omission." Fed. R. Crim. P. 36. Clerical errors are "minor and mechanical in nature," such as errors in transcription or recitation. *See United States v. Portillo*, 363 F.3d 1161, 1164-65 (11th Cir. 2004); *see also United States v. James*, 642 F.3d 1333, 1343 (11th Cir. 2011) (per curiam) (remanding to correct clerical error in judgment, which stated incorrect statute of conviction); *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006) (remanding for correction of clerical error in judgment to accurately reflect that defendant had pled guilty to Count 9 instead of Count 2).

Also Rule 36 is often used to amend a written judgment to conform to the oral sentence imposed by the Court. *See, e.g., United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008) (affirming use of Rule 36 where "district court merely corrected its original written judgment to conform with the sentence announced orally"); *United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005) ("Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."); *Portillo*, 363 F.3d at 1164-65 (district court properly corrected written judgment to require defendant to pay restitution to six aliens who were victims of the fraudulent scheme, as orally stated at defendant's sentencing hearing, rather than to the Georgia Bureau of Investigation, as stated in the written judgment, because that was a correction of a "clerical error" rather than a correction of a substantive mistake). The Eleventh Circuit has also found that a District Court's deletion of a provision from a judgment requiring a defendant to pay restitution jointly and severally with his co-conspirator was proper under Rule 36 because the

3

Court had overlooked that the co-conspirator was not ordered to pay restitution and the change did not make the defendant's sentence more onerous. *See Portillo*, 363 F.3d at 1164.

The post-conviction amendment of the Judgment requested by the Defendant does not fall within the limited scope of Rule 36. The Defendant's post-conviction request to amend the Judgment is materially different from the Rule 36 cases approved by the Eleventh Circuit. The Defendant is not seeking the correction of a scrivener's error in the transcription of their name. The written judgment imposed in this case is consistent with the Indictment, the Defendant's guilty plea, and the oral sentence pronounced by the Court.

West also requested that the date on the Judgment be corrected. This request should also be denied. The oral pronouncement of sentence was on July 27, 2005, and it appears that the Judge signed the Judgment on July 29th. It was entered on the docket also on July 29th. Federal Rule of Criminal Procedure 32(k)(1) states that the Judgment must be signed by the Judge and the clerk must enter it. Thus, the date of the Judgment is when it is entered on the docket. This date does not need to be corrected.

## CONCLUSION

This court should deny the Motion to Revise the Judgment and Commitment Order.

                                       Respectfully submitted,

                                       ARIANA FAJARDO ORSHAN
                                       UNITED STATES ATTORNEY

By:    */s/ Karen E. Gilbert*
         KAREN E. GILBERT
         Assistant United States Attorney
         Florida Bar No. 771007
         99 NE 4th Street, Suite 800
         Miami, FL 33132
         Tel: (305) 961-9000
         Fax: (305) 536-4675
         Karen.gilbert@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by CM/ECF and to Kenneth R. West a/k/a Cristian Noel Iglesias, Regis # 17248-018, USP Marion, PO Box 1000, Marion, Illinois, 62959, this 26th day of September, 2018.

                                       */s/ Karen E. Gilbert*
                                       Karen E. Gilbert
                                       Assistant United States Attorney