UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20872-CR-GRAHAM

UNITED STATES OF AMERICA,

v.

KENNNETH R. WEST
a/k/a/ CHRISTIAN NOEL IGLESIAS,

    Defendant.
_____/

ORDER

**THIS CAUSE** comes before the Court on Defendant's Motion to Revise Judgement [sic] and Commitment Order [D.E. 56].

**THE COURT** has reviewed the pleadings, pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated herein, Defendant's Motion is **DENIED**.

Defendant moves to amend the Criminal Judgment [D.E. 51] to reflect a different name, Cristina Nicole Iglesias. Defendant was diagnosed with Gender Dysphoria and now identifies as female. In support of the Motion, Defendant attaches a "Certified Copy" of an Order in which Judge Carolyn B. Smoot of the First Judicial Circuit in Williams County, Illinois, Case No. 2018-MR-000238-P-001, purportedly granted Defendant's name change request on August 3, 2018. [D.E. 56 at 8]. Defendant also requests that the Judgment be corrected to reflect July 27, 2005, the "actual date of imposition of sentence" [D.E. 56 at

1

1], instead of July 29, 2005, the date when the District Judge signed the Judgment.

As an initial matter, Defendant is not entitled to have the Criminal Judgment amended to reflect a new name. Indeed, "an inmate who legally changes his name does not have a constitutional right to have his pre-existing prison records altered to reflect his newly adopted name." United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005) (citing with approval, Barrett v. Va., 689 F.2d 498, 503 (4th Cir. 1982); Imam Ali Abdullah Akbar v. Canney, 634 F.2d 339, 340 (6th Cir. 1980)). In 2005, Defendant pled guilty to one count of threatened use of a weapon of mass destruction and was sentenced to a term of imprisonment of 240 months. [D.E. 30, 51]. Because the Criminal Judgment was entered before any name change occurred, Defendant has no constitutional right to have the Judgment altered.

Notwithstanding, because the Government's Response establishes that the purported "Order" attached to Defendant's Motion was never issued by the Illinois Court, and is therefore "fictitious" [D.E. 58 at 2, 58-1], this Court cannot grant the relief that Defendant seeks. To be sure, the docket sheet in Case No. 2018-MR-000238-P-001, which the Government attached to its Response, makes clear that Defendant's Request for Name Change was actually denied on July 31, 2018. [D.E. 58-1].

2

According to a certified copy of the docket sheet[1] obtained by this Court, under Illinois law Defendant is ineligible for a name change "until 10 years have passed since completion and discharge from his or her sentence." Ex. A. As such, Defendant's name has not been changed. The Court cautions Defendant against making fraudulent statements or representations to the Court.

Moreover, the Court finds no basis upon which to change the date on the Judgment. Indeed, "sentence is imposed when the district court enters the final judgment." United States v. Pelaez, 196 F.3d 1203, 1206 (11th Cir. 1999); see also Fed. R. Crim. P. 32(k)(1) (noting that "[t]he judge must sign the judgment, and the clerk must enter it"). As such, the effective date of Defendant's sentence is July 29, 2005, the date when the District Judge signed the Judgment and the clerk entered the Judgment in this case. As stated in the Criminal Judgment, Defendant shall receive credit for time served as applicable by statute [D.E. 51 at 2]. Accordingly it is hereby,

**ORDERED AND AJUDGED** that Defendant's Motion to Revise Judgement [sic] and Commitment Order [D.E. 56] is **DENIED**.

---

[1] Attached hereto at Exhibit A.

      **DONE AND ORDERED** in chambers at Miami, Florida, this 12th day of October, 2018.

                                                                DONALD L. GRAHAM  
                                                                UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record

      Kenneth R. West, Pro se  
      17248-018  
      Marian-USP  
      United States Penitentiary  
      Inmate Mail/Parcels  
      Post Office Box 1000  
      Marion, IL 62959

# EXHIBIT A

| 10/12/2018 11:21 AM | RECORD SHEET | RM | PAGE | 1 |

2018-MR-000238-P-001

IGLESIAS, CHRISTIAN NOEL                     PRO SE
VS.
IN RE OF NAME CHANGE

| DATE | JDG | CR | TEXT |
|---|---|---|---|
| 07/30/2018 | | | Application to sue as a poor person filed on 07/30/2018. |
| | | | Entry of appearance for counsel PRO SE for plaintiff/petitioner |
| | | | IGLESIAS, CHRISTIAN NOEL. |
| | | | Pro-se Complainant on Original Filing Entered. |
| 07/31/2018 | | CCG | REQUEST FOR NAME CHANGE (ADULT) REVIEWED. 5/21-101(b) PROVIDES THAT "ANYH PERSON CONVICTED OF A FELONY IN THIS STATE OR ANY OTHER STATE WHO HAS NOT BEEN PARDONED MAY NOT FILE A PETITION FOR NAME CHANGE UNTIL 10 YEARS HAVE PASSED SINCE COMPLETION AND DISCHARGE FROM HIS OR HER SENTENCE." THEREFORE, REQUEST DENIED. MOTION TO WAIVE PUBLICATION COSTS IS MOOT DUE TO DENIAL OF PETITION UNDER THE STATUTE. MOTION TO SEAL FILE IS GRANTED, DUE TO PETITIONER'S AFFIDAVIT WHICH STATES SHE FEARS VIOLENCE, DISCRIMINATION AND INVASION OF PRIVACY. FILE SEALED. CLERK TO SEND A COPY OF THIS DOCKET ENTRY TO PETITIONER. CLOSE FILE. |
| 08/03/2018 | | | Verified written request for sealing of record filed |
| | | | Affidavit in support of waiver of publication and sealing of record |
| | | | filed |
| | | | Copy of record sheet sent to petitioner |
| 10/12/2018 | | CCG | COURT RECIEVES NOTICE OF PENDING FEDERAL CASE IN FLORIDA, NAMELY FLSD CASE 1:04-cr-20872 AND ORDER FILED IN SAID CASE FROM THIS CASE (18-MR-238). COURT TAKES JUDICIAL NOTICE OF SAID CASE. THIS COURT ALSO RECEIVED REQUEST TO UNSEAL THIS CASE, NOTICE OF SAID REQUEST HEREBY GIVEN TO PETITIONER CRISTIAN NOEL IGLESIAS. SEND COPY OF THIS DOCKET ENTRY TO PETITIONER. REVIEW IN 10 DAYS. |

STATE OF ILLINOIS } ss
COUNTY OF WILLIAMSON
I, Angie E. Kochan, Circuit Clerk of Williamson County, Illinois, do hereby certify the above document to be a true copy of the Original on file and of record in my office
DATED 10/12/18
CIRCUIT CLERK
WILLIAMSON COUNTY, IL