UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-20872-CR-GRAHAM

UNITED STATES OF AMERICA

vs.

KENNETH R. WEST
a/k/a CRISTIAN NOEL IGLESIAS,

      **Defendant.**
_____/

## GOVERNMENT RESPONSE TO WEST'S MOTION TO CORRECT JUDGMENT AND COMMITMENT ORDER

The United States, by and through the undersigned Assistant United State Attorney, hereby responds to Defendant West's Motion to Correct Judgment and Commitment Order, filed on April 28, 2022 (DE 60). This court should deny the instant motion, just as this Court has ruled on previous motions seeking similar relief:

## BACKGROUND

On March 11, 2005, West plead guilty to Count 1 of the Superseding Indictment which charged threatening the use of a weapon of mass destruction (DE 31). On July 27, 2005, the Court sentenced West to 240 months' imprisonment followed by five years of supervised release. On July 29, 2005, the Judgment and Commitment for West was entered on the docket (DE 51).

On September 5, 2018, West filed a Motion to Revise Judgment and Commitment Order (DE 56) to change the Defendant's name to Cristina Nicole Iglesias with support from a document from The Circuit Court of the First Judicial Circuit, Williamson County, Illinois, granting a legal name change (DE 56, p.8). On September 26, 2018, the United States filed a Response in

1

Opposition (DE 58) showing the document from the Defendant's motion was fictitious and the state court denied the name change. On October 12, 2018, this Court denied the Defendant's Motion (DE 59).

## **SUMMARY**

This motion seeks similar relief to what West sought in prior attempts (DE 40, 56) to have this Court change his name on the Judgment and other Court records. In support for the current requested relief, Defendant attached a recent I.D. issued by the State of Florida, a Social Security Card, and his Birth Certificate. In the Motion, Defendant claims that the correction of the Judgment is necessary in order to eliminate confusion with BOP. The stated grounds do not support the granting of this Motion. Further, the Federal Rules of Criminal Procedure bar the requested relief.

## **ARGUMENT**

The Defendant's conviction and sentence became final in 2005 and the criminal case is no longer pending, thus, this Court's authority to modify the record is limited to correcting "a clerical error" or "an error in the record [of the criminal case] arising from oversight or omission." Fed. R. Crim. P. 36. Clerical errors are "minor and mechanical in nature," such as errors in transcription or recitation. *See United States v. Portillo,* 363 F.3d 1161, 1164-65 (11th Cir. 2004); *see also United States v. James,* 642 F. 3d 1333, 1343 (11th Cir. 2011) (per curiam) (remanding to correct clerical error in judgment, which state incorrect statute of conviction); *United States v. Massey,* 433 F.3d 814, 822 (11th Cir. 2006) (remanding for correction of clerical error in judgment to accurately reflect that defendant had pled guilty to Count 9 instead of Count 2).

Also Rule 36 is often used to amend a written judgment to conform to the oral sentence imposed by the Court. *See, e.g., United States v. Spencer*, 513 F.3d 490, 492 (5th Cir. 2008)

(affirming use of Rule 36 where "district court merely corrected its original written judgment to conform with the sentence announced orally"); *United States v. Bennett,* 423 F.3d 271, 278 (3rd Cir. 2005) ("Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."); *Portillo*, 363 F.3d at 1164-65 (district court properly corrected written judgment to require defendant to pay restitution to six aliens who were victims of the fraudulent scheme, as orally stated at defendant's sentencing hearing, rather than to the Georgia Bureau of Investigation, as stated in the written judgment, because that was a correction of a "clerical error" rather than a correction of a substantive mistake).

The Eleventh Circuit has also found that a District Court's deletion of a provision from a judgment requiring a defendant to pay restitution jointly and severally with his co-conspirator was proper under Rule 36 because the Court had overlooked that the co-conspirator was not ordered to pay restitution and the change did not make the defendant's sentence more onerous. See *Portillo*, 363 F.3d at 1164.

None of these cases cited above in which Federal Rule of Criminal Procedure 36 provided relief to correct a judgment are similar to the case at bar.

## CONCLUSION

Just as this Court did in its Order denying the prior Motion to Revise the Judgment (DE 59), this Court should, based on the same reasoning, deny this Motion.

        Respectfully submitted,

        JUAN ANTONIO GONZALEZ
        UNITED STATES ATTORNEY

By:    */s/ Karen E. Gilbert*
        KAERN E. GILBERT
        ASST. UNITED STATES ATTORNEY
        Florida Bar Number 771007
        99 Northeast 4th Street, 4th Floor
        Miami, FL 33132
        Telephone: (305) 961-9161
        Email: Karen.Gilbert@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and a copy was mailed to Kenneth R. West aka Cristian Noel Iglesias, Reg No. 17248-018, Residential Reentry Miami.

        */s/ Karen E. Gilbert*
        KAREN E. GILBERT
        ASST. UNITED STATES ATTORNEY